UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CRIMINAL NO. 20-cr-10285-DPW |
| ) | |
| ARIEL VELASQUEZ, ) | |
| Defendant. ) | |
| ) | |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

As a young adult, Mr. Velasquez fell prey to illicit drugs, and his life was derailed by his addiction and the criminal activity it led to. He sought financial gain through a brief association with a more sophisticated criminal actor. He has now spent three years in custody for his conduct, and has begun the process of rebuilding his life in the community. He seeks a sentence that will give him the structure and opportunity to do so.

Mr. Velasquez requests that the court impose a time-served sentence (approximately 36 months), and three years of supervised release. This sentence is sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing detailed in 18 U.S.C. §3553(a) in consideration of his personal circumstances and role in the offense charged relative to others.

**<u>Narrative</u>**

Over the course of several months in 2019, a cooperating witness working with federal law enforcement authorities illegally purchased numerous firearms provided for sale by David Echeverria. Some of these transactions were arranged by Mr. Velasquez, who received nominal compensation from Mr. Echeverria as a sort of referral fee.

For his conduct, Mr. Velasquez pleaded guilty to a single count of engaging in the business of dealing in firearms without a license on October 25, 2022. The plea

1

is subject to a written agreement under Fed.R.Crim.P. 11(c)(1)(B), which includes dismissal of the remaining counts upon imposition of a sentence. (Doc. No. 134).

## Argument

A variety of factors to be considered in imposing a sentence are described in 18 U.S.C. § 3553(a). The sentence proposed by Mr. Velasquez keeps with this statutory guidance. It takes into account his personal circumstances, including his family supports and history of struggles with substance use disorder, and his role in the offense in relation to others who have been sentenced for related conduct.

1. **The Nature of the Offense**

For a few months in 2019, Mr. Velasquez became involved in the fringes of an illegal firearms business controlled by a man named David Echeverria. Although they are charged under separate indictments, Mr. Velasquez's conduct in this case was intertwined with and in deference to Mr. Echeverria's in every respect.

Mr. Echeverria was in the business of obtaining and illegally selling stolen and other commercially manufactured guns and ammunition. He also sold so-called "ghost" guns that he manufactured himself using components he purchased on the internet, some of which he customized. Between July and October 2019, he sold guns on numerous occasions to a gang member who, unbeknownst to him, was cooperating with law enforcement. On two documented occasions, he provided guns to a separately charged co-defendant named Colin Faller, who conducted the transactions on his behalf. For most transactions, however, Mr. Echeverria personally transported the guns to the buyer and personally received payment from the buyer. He repeatedly spoke about other firearms he sold and was planning to sell to other buyers.

Mr. Velasquez was involved as a middleman, receiving a small share of money as a sort of referral fee for setting Mr. Echeverria up with a buyer. He helped coordinate the deals and sometimes permitted his house to be used for transactions.

He did not participate in the production of the firearms, and did not have access to firearms for sale except as provided by Mr. Echeverria. He was not given guns to bring to deals, and did not receive money directly from buyers. Mr. Echeverria would transport the guns to the meeting point and collect the money. Mr. Velasquez did not make any transactions on his own. His role was sufficiently small that he was quickly cut out of the business; after involving Mr. Velasquez in a handful of sales, Mr. Echeverria began handling all transactions alone.

### 2. Mr. Velasquez's Personal Circumstances

Mr. Velasquez was raised in a supportive middle-class household by his hard-working mother. (PSR Par. 62). He graduated from high school on schedule, and completed two semesters of community college. (PSR Par. 89). Unfortunately, he began drinking excessively, and in his early twenties he was introduced to cocaine, and then crack cocaine. He became a daily user. (PSR Par. 85-86). During that time, his relationships with his family became strained, and he had a variety of encounters with the criminal justice system stemming from erratic behavior. (PSR Par. 71-72, 44-60). He was using crack daily during the offense conduct in this case.

Since his arrest, Mr. Velasquez had three years of sobriety in custody, which he has maintained upon his release. His family relationships have been restored and strengthened, and he has found stability in his employment – he works as a cook at Margarita's Restaurant in Revere (PSR 92a). Since his release into the community, he has been living with his mother, with whom his relationship is stronger and more open than in the past. (PSR Par. 63, 65). He has maintained a close relationship with his half-sister, and has become closer with his father. (PSR Par. 64, 66).

Mr. Velasquez's mother writes in support of her son and only child. (Exhibit 1) She says that that "change in him is not fleeting" and that she wants to "have him back in [her] home."

### 3. Application of the Sentencing Guidelines

Application of USSG §2K1.1, accounting for relevant enhancements and reductions in offense level, results in a sentencing range higher than the maximum penalty allowed for this offense. Pursuant to USSG §5G1.1, the statutorily authorized maximum sentence becomes the guideline sentence.

Ultimately, the court retains the discretion and statutory authority to impose a fair sentence based on an individualized assessment, with the sentencing guidelines just one of several factors to consider. 18 U.S.C. § 3553(a). While the guidelines may provide "a rough approximation of sentences that might achieve §3553(a)'s objectives," they are not the final word. Kimbrough v. United States, 552 U.S. 85, 101 (2007). In this context, the guidelines have diminished value in establishing a fair sentence, because they do not provide a mechanism to meaningfully address Mr. Velasquez's relative role in the charged conduct.

### 4. Avoiding Unwarranted Sentencing Disparities

Although Mr. Velasquez is charged alone, his conduct intertwines with the prosecutions of Colin Faller and David Echeverria, each of whom have already been sentenced for their roles in the offenses.

Mr. Faller, like Mr. Velasquez, acted as a middleman for Mr. Echeverria's illegal firearm distribution business. Although he was only documented as participating in two transactions, he had a more direct role in them than Mr. Velasquez. Moreover, Mr. Faller sold an AR-style rifle, a weapon capable of greater violence than handguns. Unlike Mr. Velasquez, he personally conducted sales, bringing firearms to the planned meetings and collecting the money from the buyer. He was charged with a less serious offense and sentenced to 24 months in custody and 2 years of supervised release. (PSR Par. 6).

Mr. Echeverria was at the center of the firearms business in which Mr. Velasquez briefly became entangled. He provided almost all the guns involved, including many he manufactured himself using parts he purchased online. He received the lion's share of the money from the purchases. He engaged in more than twice as many documented transactions as Mr. Velasquez. For this conduct, he pleaded guilty to dealing in firearms without a license and possession of a firearm and ammunition as a felon, and was sentenced to 90 months of incarceration with three years of supervised release. (PSR Par. 6).

Against this backdrop, Mr. Velasquez's requested sentence of 36 months incarceration with three years of supervised release is proportionate and fair in consideration of his responsibility relative to the defendants in these related cases.

## **CONCLUSION**

Positive momentum is currently carrying Mr. Velasquez. He is sober and employed, key factors in maintaining a crime-free lifestyle. The recommended punishment is just and consistent with the 3553(a) factors, requiring accountability without stymying the progress he has made. It will give him the opportunity to follow through with the sober and law-abiding lifestyle he is now embarking on, with enough structure to ensure he does not waver.

                                                          Respectfully submitted,
                                                          ARIEL VASQUEZ,
                                                          By his attorney,

Date:  February 17, 2023

                                                          */s/Henry Fasoldt*
                                                          C. Henry Fasoldt (BBO# 667422)
                                                          185 Devonshire Street
                                                          Suite 302
                                                          Boston, MA 02110
                                                          henry@bostondefenselaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that this document was served by electronic delivery on AUSA Michael Crowley on February 17, 2023