Prob12C
DMA (3/2005)

# United States District Court
## for the District of Massachusetts
### Petition and Affidavit for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Ariel Velasquez

**Case Number:** 0101 1:20CR10285-IT-002

**Name of Sentencing Judicial Officer:** Honorable Douglas P. Woodlock, U.S. District Judge

**Name of Assigned Judicial Officer:** Honorable Indira Talwani, U.S. District Judge

**Date of Original Sentence:** February 23, 2023

**Original Offense:** Engaging in the Business of Dealing Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A)

**Original Sentence:** Time Served (1092 days) followed by 36 months of Supervised Release

**Date of Revocation Sentence:** September 15, 2025

**Revocation Sentence:** Time Served (10 days) followed by 15 months of Supervised Release

**Type of Supervision:** Supervised Release

**Date Supervision Commenced:** February 27, 2023

**Date 2nd Term Commenced:** September 15, 2025

**Asst. U.S. Attorney:** Michael Crowley

**Defense Attorney:** Daniel Cloherty

## PETITIONING THE COURT

☐    To issue a warrant

☒    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

**Violation Number**    **Nature of Noncompliance**

I.    **Mandatory Condition #1:** You must not commit another federal, state or local crime.

    A. On October 16, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez was named as the defendant in a Restraining Order out of Malden District Court. In an affidavit written in support of the restraining order, the defendant's former girlfriend, Sony Fuentes, alleges ongoing harassment from the defendant.

    Evidence in support of this charge includes officer testimony, and Malden District Court Restraining Order 2550RO0659.

    B. On October 23, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez was named as the defendant in a Restraining Order out of Chelsea District Court.

In an affidavit written in support of the restraining order, the defendant's mother, Marleny Aguilar, reported that the defendant stole money from her, broke items in her home, and refuses to stay away from her residence after being asked to leave.

Evidence in support of this charge includes officer testimony, and Chelsea District Court Restraining Order 2514RO0615.

II.    **Mandatory Condition #2:** You must not unlawfully possess a controlled substance.

A.  On or about September 14, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez unlawfully possessed a controlled substance (cocaine and marijuana).

Evidence in support of this charge includes officer testimony, and lab results from a urine sample taken on September 16, 2025.

B.  On or about October 23, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez unlawfully possessed a controlled substance (fentanyl, cocaine, and marijuana).

Evidence in support of this charge includes officer testimony, and lab results from a urine sample taken on October 23, 2025.

III.    **Mandatory Condition #3:** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

A.  On or about September 16, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez tested positive for cocaine and marijuana.

Evidence in support of this charge includes officer testimony and lab results.

B.  On or about October 23, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez tested positive for fentanyl, cocaine, and marijuana.

Evidence in support of this charge includes officer testimony, and lab results from a urine sample taken on October 23, 2025.

IV.    **Special Condition #1:** For the first 90 days you must participate in Home Detention and are restricted to your residence at all times except for employment; education; religious services; medical, substance use, or mental health treatment; attorney visits; court appearances; court-ordered obligations.

A.  On or about September 23, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez did not adhere to his approved schedule.

Evidence in support of this charge includes officer testimony and GPS data.

B. On October 8, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez changed his residence without permission from the Probation Office.

Evidence in support of this charge includes officer testimony and the executed location monitoring agreement.

C. On October 10, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez was at unauthorized locations in the community.

Evidence in support of this charge includes officer testimony and GPS point data.

D. On October 13, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez did not adhere to his approved schedule.

Evidence in support of this charge includes officer testimony and GPS point data.

E. On October 16, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez did not adhere to his approved schedule.

Evidence in support of this charge includes officer testimony and GPS point data.

F. On October 18, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez changed his residence without permission from the Probation Office.

Evidence in support of this charge includes officer testimony and the executed location monitoring agreement.

G. On October 22, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez did not adhere to his approved schedule.

Evidence in support of this charge includes officer testimony and GPS point data.

H. On October 23, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez did not adhere to his approved schedule.

Evidence in support of this charge includes officer testimony and GPS point data.

V. **Special Condition #5:** You must participate in a substance use treatment program and follow the rules of that program. The probation officer will supervise your participation in the program.

A. On October 1, 2025, in the Commonwealth of Massachusetts, Mr. Velasquez failed to fully participate in treatment (arrived late and left early) and failed to provide a urine sample required by the North Suffolk Community Services (NSCS) Intensive Outpatient Program (IOP).

Evidence in support of this charge includes documentation from NSCS.

B.  On September 29, 2025, and October 2, 2025, Mr. Velasquez tested positive for marijuana and cocaine.  On October 6, 2025, he tested positive for marijuana.

Evidence in support of this charge includes documentation from NSCS.

C.  On October 20, 2025, Mr. Velasquez reported subsequent relapse to NSCS.

Evidence in support of this charge includes documentation from NSCS.

**U.S. Probation Officer Recommendation:**

The term of supervision should be:
☒    Revoked
☐    Extended for   year(s), for a total term of years.
☐    The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Reviewed/Approved by:                                              Respectfully submitted,

*/s/Michelle Roberts*                                                   */s/ Kylie Fucci*
Michelle Roberts                                              by  Kylie Fucci
Deputy Chief U.S. Probation Officer                              U.S. Probation Officer
                                                                Date:  11/3/2025

**THE COURT ORDERS**
☐    No Action
☐    The Issuance of a Warrant
☐    The Issuance of a Summons
☐    Other

_____
The Honorable Indira Talwani
U.S. District Judge

_____
Date